```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

ERIC V. MITCHEL,              §
                              §
        Petitioner,           §
                              §
V.                            §      No. 4:20-CV-1274-Y
                              §
STATE OF TEXAS,               §
                              §
        Respondent.           §

### MEMORANDUM OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Eric V. Mitchel, a former state prisoner, against the State of Texas, respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject-matter jurisdiction. No service has issued against Respondent.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 20, 2015, in Tarrant County, Texas, Case No. 1387867D, Petitioner pleaded guilty to indecency with a child and was sentenced to five years' imprisonment.[1] (Pet. 2, doc. 1.) This petition challenging that conviction was filed on November 30, 2020. (Id.)

### II. SUBJECT-MATTER JURISDICTION

Generally, for a federal district court to have subject-matter

---

[1] A certified copy of the trial court's judgment of conviction was provided to the Court by the Tarrant County District Clerk's office via email communication.

jurisdiction over a claim(s) under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction and sentence that are the subject of the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject-matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490–91. The Court has confirmed via telephonic communication with the Texas Department of Criminal Justice that Petitioner's 5-year sentence for his 2015 conviction was fully discharged on November 17, 2020, on the date of his release. Thus, he was not in custody under the 2015 conviction and sentence at the time this petition was filed, and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed with prejudice for lack of subject-matter jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies

habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241. Therefore, a certificate of appealability should not issue.

    SIGNED January 12, 2021.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3